NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL C. OLSON,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>HARLAND CLARKE CORPORATION,<br><br>    Defendant-Appellee. | No.  14-35586<br><br>D.C. No. 3:11-cv-05585-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Daniel C. Olson appeals pro se from the district court's judgment in his

employment action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo the district court's decision to confirm an arbitration award and deny a

motion to vacate the award.  *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 1996). We may affirm on any basis supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992).

This appeal arises from Olson's action against Harland Clarke Corporation ("Harland Clarke") to challenge the manner in which he was compensated for his services and terminated from his position. Following two days of arbitration hearings, the arbitrator issued an award in favor of Harland Clarke. Olson sought to vacate the award on the bases that the arbitrator failed to issue a "reasoned opinion," as agreed to by the parties and failed to rule on all of the evidentiary issues and claims submitted. The district court denied Olson's motion and entered judgment for Harland Clarke.

The Federal Arbitration Act ("FAA") enumerates the "limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citations and internal quotation marks omitted). Olson argues the arbitration award should be vacated under 9 U.S.C. § 10(a)(4), which provides for vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Arbitrators exceed their powers when they express a "manifest disregard of law," or when they issue an award that

2                                                                                    14-35586

is "completely irrational." *Bosack*, 586 F.3d at 1104. For an award to express a manifest disregard of the law, "it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." *Id*. An award is completely irrational "only where the arbitration decision fails to draw its essence from the agreement." *Id*. at 1106 (citations and internal quotation marks omitted).

Assuming, as did the district court, that the parties reached an agreement for an arbitration award in the form of a "reasoned opinion," the district court properly denied Olson's motion to vacate the arbitration award. "Arbitrators have no obligation . . . to give their reasons for an award." *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, Int'l Ass'n of Machinists and Aerospace Workers*, 886 F.2d 1200, 1206 (9th Cir. 1989) (citation and internal quotation marks omitted); *see also Biller v. Toyota Motor Corp.*, 668 F.3d 655, 666 (9th Cir. 2012) (arbitrator's purported failure to provide a written decision to facilitate judicial review did not alone support vacatur under the FAA, even though such a written decision was required by the parties' agreement). Further, the arbitration award included two bases for the arbitrator's determination that Harland Clarke was the prevailing party, which provides enough of the arbitrator's reasoning to facilitate the limited review available under the FAA. *See Biller*, 668

3                                                                      14-35586

F.3d at 666 (the award was "sufficient to permit limited judicial review to enforce or vacate the arbitration award" because it provided enough reasoning to determine "whether the Arbitrator manifestly disregarded the law or made an irrational decision").

Olson's argument that the arbitrator did not rule on all of the evidentiary issues does not support vacatur. As this court has observed, "[a]rbitrators' awards are not judicial opinions. . . . The proceedings the arbitrator conducts are generally informal, lacking most of the fixed rules of procedure and evidence . . . ." *Stead Motors of Walnut Creek*, 886 F.2d at 1206. Further, the record does not support Olson's contention that the arbitrator failed to rule on all of the claims submitted for arbitration, because the award states that "[a]ll claims not expressly granted herein are hereby, denied."

**AFFIRMED.**

14-35586